**FILED**

NOV 1 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DARLENE CORTEZ,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     Civil Action No.    **12 1874**
                                   )
LULUA ALSABAH, *et al.*,           )
                                   )
          Defendants.              )

### <u>MEMORANDUM OPINION</u>

For purposes of this Memorandum Opinion, the court consolidates two complaints that the plaintiff submitted to the Clerk of Court on September 14, 2012. Upon review of the plaintiff's applications to proceed *in forma pauperis* and each *pro se* civil complaint, the court will grant the applications and dismiss the complaints.

The plaintiff alleges that the defendants have "plotted against the lives of the plaintiff and her children, to steal the plaintiff's children from her, and to use her children . . . to get billions of dollars in wealth from the father, and to get control of the billions of dollars in wealth the father has for his children . . . ." Compl. at 11 (page numbers designated by the Court). In addition, the defendants allegedly have "used their connections" not only to steal her children, but also to plot against her "to steal the plaintiff's billion dollar projects from her, steal her federal funding for her billion dollar teak deal, steal her domestic sales of her fragrances, steal her billion dollar international trade, . . . steal her import and export projects, . . . steal her European castle projects," among other harms. *Id.* at 13. The plaintiff demands "restitution for interference in maternal rights and . . . custody," and injunctive relief. *Id.* at 16.

*N*

*3*

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, having reviewed the plaintiff's complaints, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. For this reason, the complaints are frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: *Nov. 15, 2012*

2